# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE J. STANIFORTH,<br><br>                          Plaintiff,<br>v.<br><br>TOTAL WEALTH MANAGEMENT INC., a California corporation; ALTUS CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; ALTUS CAPITAL OPPORTUNITY FUND LP, a Delaware limited partnership; JACOB K. COOPER, an individual; NATHAN MCNAMEE, an individual; DAVID SHOEMAKER, an individual; CAPITA ADVISORS, INC., a California corporation; FINANCIAL COUNCIL, INC., a California corporation; PINNACLE WEALTH GROUP, INC., a California corporation;; and DOES 1 through 100, inclusive,<br><br>                          Defendants. | CASE NO. 14cv1899-GPC-JLB<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE** |

       On February 6, 2015, Receiver Kristen A. Janulewicz ("Receiver") filed a Notice of Pending Receivership regarding her appointment as a temporary Receiver for Total Wealth Management Inc., and its subsidiaries and affiliates, including, but not limited to Atlus Capital Management, LLC, in *Securities and Exchange Commission v. Total*

*Wealth Management*, Case No. 15-cv-226-BAS (DHB) (the "Receivership Action"). (ECF No. 34.)

On February 12, 2015, District Judge Cynthia Bashant (hereinafter "the Receivership Court") issued a preliminary injunction order, wherein she appointed the Receiver as a permanent receiver. (Case No. 15-cv-226-BAS (DHB), ECF No. 8.) The order appointing a permanent receiver provides that:

> [E]xcept by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Total Wealth Management, Inc., or its subsidiaries or affiliates . . . are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities . . . commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them . . . .

(*Id.* at 11.)

On February 17, 2015, this Court issued an Order to Show Cause ("OSC") why this action should not be stayed during the pendency of the receivership in *Securities and Exchange Commission v. Total Wealth Management*, Case No. 15-cv-226-BAS (DHB). (ECF No. 35.) Plaintiff and the Receiver both filed responses to the OSC (ECF Nos. 37 & 38.) None of the other Defendants filed responses.

## BACKGROUND

On April 15, 2014, the Securities and Exchange Commission ("SEC") issued an Order Instituting Administrative and Cease-and-Desist Proceedings in its investigation of Total Wealth Management, Inc. ("TWM"), Jacob Keith Cooper ("Cooper"), Nathan McNamee ("McNamee"), and Douglas David Shoemaker ("Shoemaker"). ( Case No. 15-cv-226-BAS (DHB), ECF No. 3-3, Ex. 1.)[1] According to the SEC's order,

---

[1] The Court takes judicial notice of the SEC's order, a copy of which was filed in the Receivership Action. Under Federal Rule of Evidence 201, a court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Public records are a proper subject of judicial notice. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866

McNamee is the current president and chief compliance officer of TWM, an investment adviser representative for TWM, and the sole founder and operator of Capita Advisors, Inc. ("Capita"). (*Id.*, Ex. 1 ¶¶ 1, 3, 11.) Shoemaker is a co-founder and former chief compliance officer of TWM, an investment adviser representative for TWM, and the sole founder and operator of Financial Council, Inc. ("Financial Council"). (*Id.*, Ex. 1 ¶¶ 1, 3, 12.) The SEC alleges that TWM entered into revenue sharing arrangements with several investment funds (including Altus funds), such that when TWM placed its clients' investments in those funds, TWM received sharing fees. (*Id.*, Ex. 1 ¶¶ 25, 53.) TWM, in turn, paid Cooper, McNamee, and Shoemaker a portion of the revenue sharing fees it received. (*Id.*, Ex. 1 ¶ 26.)

The SEC further alleges that "[a]bout the same time that the Altus Capital Fund was established [by Cooper], Cooper formed Pinnacle, and he advised Shoemaker and McNamee to form Financial Council and Capita, respectively." (*Id.*, Ex. 1 ¶ 27.) After forming their respective "consulting" companies, McNamee and Shoemaker would routinely invoice TWM for "consulting fees," even though McNamee and Shoemaker did not do any consulting work. (*Id.*, Ex. 1 ¶ 28.) The money TWM paid in response to these invoices instead represented McNamee and Shoemaker's shares of the revenue sharing fees. (*Id.*)

## DISCUSSION

The issue presented by the Court's OSC is whether the injunction issued by the Receivership Court should be extended to stay this action. The Receiver acknowledges that the preliminary injunction does not bar prosecution of litigation against the

---

n.1 (9th Cir. 2004); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Courts may also take judicial notice of relevant court records under Federal Rule of Evidence 201. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted)). The Court finds that the SEC's order is properly noticeable.

individual defendants in this case or entities not deemed to be Receivership Entities[2]. (ECF No. 38 at 1.) However, for practical reasons, the Receiver recognizes that the injunction "has significant implications" in connection with discovery, summary judgment, and potential judgment enforcement actions that may be undertaken against the individual and non-receivership defendants. (*Id.* at 4.) Additionally, the Receiver believes "that those defendants in this matter to whom the litigation stay does not apply will almost certainly become subjects of the Receiver's investigation effort, and may themselves become defendants or relief defendants in the Receivership Case or in Receivership Asset recovery litigation brought by the Receiver." (*Id.* at 5.) For this reason, failing to impose a blanket stay in this case could result in a "race to the courthouse," wherein some claimants may obtain relief first, to the detriment of other claimants. (*Id.*) The Receiver also argues that judicial economy militates against evaluating claims in a piecemeal fashion. (*Id.*) Accordingly, the Receiver does not object to the Court staying the action in its entirety pending resolution of the Receivership Case. (*Id.*)

Plaintiff does not object to the Court staying the entire case in the interest of judicial efficiency, provided that the stay can be lifted in the future as to those individuals not expressly covered by the Receivership Court's injunction. (ECF No. 1.) It is Plaintiff's understanding that only "Defendant Total Wealth Management, Inc., or its subsidiaries or affiliates" are covered by the injunction—the individual defendants are not. (*Id.*) Plaintiff further understands that the parties will not be able to conduct discovery with respect to the covered entities. (*Id.*) It is for this reason that Plaintiff does not object to staying the entire case, even if the individual defendants are not expressly covered by the Receivership Court's litigation stay. (*Id.*)

"The power of a district court to impose a receivership or grant other forms of

---

[2] The Receiver defines the "Receivership Entities" as "Total Wealth Management, Inc. and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC." (ECF No. 38 at 1.)

ancillary relief . . . derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803. F.2d 1034, 1038 (9th Cir. 1986). In order to effectuate this goal, the receivership court has authority to enjoin individuals from proceeding in another court in order to prevent interference with a receivership action. *Wencke*, 622 F.2d at 1371-72 (upholding district court's order staying state action by nonparties against receivership entities because "[t]here is a strong federal interest in insuring effective relief in SEC actions brought to enforce the securities laws").

Plaintiff is correct that he will not be allowed to proceed with discovery against TWM, Altus Capital Opportunity Fund LP, Altus Capital Management, LLC, and Cooper. The Court finds that discovery falls squarely within the Receivership Court's order prohibiting investors from "prosecuting [or] continuing . . . any suit or proceeding" against the defendants in the Receivership Action. (*See* Case No. 15-cv-226-BAS (DHB), ECF No. 8 at 11.) Moreover, if this Court were to allow Plaintiffs to propound discovery against TWM, Altus Fund, Altus Capital, and Cooper, the Receiver would be required to expend time and funds from the receivership *res* in order to respond. The purpose of the receivership and the litigation stay issued by the Receivership Court is to protect receivership assets and to allow the Receiver time to focus on identifying and recovery receivership assets. (*Id.* at 2, 9-10) (finding that "[g]ood cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets" and that a permanent receiver was necessary "to conduct such investigation and discovery as may be necessary to locate and account for all of the assets" and "take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets"). Thus, to allow discovery against TWM, Altus Fund, Altus Capital, and Cooper would be contrary to the spirit and intent, in

addition to the express language, of the Receivership Court's injunction order.

The Court further finds it appropriate to stay this entire action at this time. The Receiver indicated that the defendants not expressly covered by the injunction "will almost certainly become subjects of the Receiver's investigation effort, and may themselves become defendants or relief defendants in the Receivership Case or in Receivership Asset recovery litigation brought by the Receiver." (ECF No. 38 at 5.) This suggests that assets of the McNamee/Shoemaker Defendants may at some future date become part of the receivership *res*. Thus, allowing Plaintiff to proceed forward against these defendants could put him ahead of other claimants in recovering receivership assets. Absent a showing of a substantial injury if he is not allowed to proceed, which Plaintiff does not allege, the Court finds no reason to try this case in a piecemeal fashion. For this reason, and because Plaintiff does not object to staying the entire case, the Court hereby **STAYS** this case in its entirety.

In so ruling, the Court is cognizant of the fact that the Receivership Court is more knowledgeable about the status of the SEC's administrative action and the Receivership Action. Absent an intervening ruling from the Receivership Court that affects this case, the Court orders the Receiver to provide this Court with an update regarding the status of *Securities and Exchange Commission v. Total Wealth Management*, Case No. 15-cv-226-BAS (DHB) on or before **August 14, 2015**.

///
///
///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court:

1. **STAYS** this case in its entirety and,

2. **ORDERS** the Receiver to provide this Court with an update regarding the status of *Securities and Exchange Commission v. Total Wealth Management*, Case No. 15-cv-226-BAS (DHB) on or before **August 14, 2015**.

**IT IS SO ORDERED.**

DATED:  May 12, 2015

HON. GONZALO P. CURIEL
United States District Judge