1  DAVID R. ZARO (BAR NO. 124334)
   JOSHUA A. DEL CASTILLO (BAR NO. 239015)
2  MELISSA K. ZONNE (BAR NO. 301581)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   865 South Figueroa Street, Suite 2800
4  Los Angeles, California 90017-2543
   Phone:  (213) 622-5555
5  Fax:  (213) 620-8816
   E-Mail:  dzaro@allenmatkins.com
6          jdelcastillo@allenmatkins.com
           mzonne@allenmatkins.com
7
   Attorneys for Receiver
8  THOMAS A. SEAMAN

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12 BRUCE J. STANIFORTH,,                Case No. 3:14-cv-01899 GPC (JLB)

13          Plaintiff,                  JOINT STATUS REPORT RE:
                                        RECEIVERSHIP ACTION STYLED
14      v.                              SEC V. TOTAL WEALTH
                                        MANAGEMENT, INC., ET AL.
15 TOTAL WEALTH MANAGEMENT,
   INC.; et al.,                        Judge:   Hon. Gonzalo P. Curiel
16
            Defendants.
17

18      **TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR**

19 **COUNSEL OF RECORD:**

20      **PLEASE TAKE NOTICE THAT**, in accordance with this Court's May 24,

21 2017 order directing the parties to file a status report regarding the status of the

22 related Securities and Exchange enforcement and receivership action styled SEC v.

23 Total Wealth Management, Inc., et al., USDC, S.D. Cal. Case No. 15-cv-226 BAS

24 (DHB) (the "Receivership Case"), Thomas A. Seaman (the "Receiver") and plaintiff

25 Bruce J. Staniforth, hereby submit the following Joint Status Report:

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1100098.01/LA

14-cv-1552 GPC (JLB)

I.      **RELEVANT STATUS.**

        A.      **Status Of Receivership Case And Litigation Stay.**

        The Receivership Case remains pending before the Honorable Cynthia Bashant, of this Court, and the litigation stay imposed pursuant to Judge Bashant's February 12, 2015 "(1) Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders; and (2) Order Vacating Hearing on Preliminary Injunction" (the "Appointment Order"[1]) (Receivership Case Dkt. No. 8), remains in place.  This Court applied the litigation stay to the of the above-entitled action on May 12, 2015, except as to non-receivership Defendants.  (Dkt. No. 57.)

        B.      **Receiver's Asset Recovery Efforts.**

        As reflected in the Receiver's recently submitted Fifth Interim Report and Petition for Instructions (Receivership Case Dkt. No. 192), the Receiver is presently holding approximately $3 million for the benefit and administration of the Receivership Entities, but continues in his efforts to recover additional funds, largely via two separate litigation matters.

        The first is an action against Private Placement Capital Notes II, LLC and its principal, Anthony Hartman (collectively, "PPCN"), seeking the return of more than $20 million in investor funds invested in PPCN, plus interest and other fees.  The action is styled Seaman v. Private Placement Capital Notes II, LLC, et al., USDC, SD Cal. Case No. 16-cv-0578 BEN (DHB) (the "PPCN Action").  The PPCN Action has been stayed pending further action on the Court's recent order on a PPCN motion to compel arbitration (see PPCN Action Docket Nos. 11, 14, 15, 18), which order has been appealed by PPCN to the Ninth Circuit Court of Appeal.  The Ninth

---

[1]     As reflected in prior submissions to this Court, the litigation stay imposed by the Appointment Order applies only to those entities placed into receivership, including Total Wealth Management, Inc. and its subsidiaries and affiliated, including but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities").

1  Circuit recently requested that the parties mediate, and the Receiver and PPCN are

2  in discussions at this time.

3         The second action being prosecuted by the Receiver is a malpractice action

4  styled <u>Seaman v. Lively, et al.</u>, San Diego Superior Court Case No. 37-2016-

5  00003644-CU-PN-CTL (the "Malpractice Action"), in which the Receiver has

6  alleged that certain pre-receivership counsel caused, aided, or abetted the

7  Receivership Entities' fraud, in the form of failure to disclose the existence of

8  revenue sharing agreements and attendant conflicts of interest.  The Receiver has

9  settled with one set of defendants in the Malpractice Action and is in settlement

10  discussions with the remaining defendants.

11         **C.    The Claims Process.**

12         In November 2016, the Receiver developed and proposed summary claims

13  procedures whereby investors in and creditors of the Receivership Entities could

14  submit claims for repayment against the Receivership Entities.  (Receivership Case

15  Dkt. No. 124.)  On February 27, 2017, the Court approved the Receiver's proposed

16  claims procedures, and established a claims bar date of May 8, 2017.  (Receivership

17  Case Dkt. No. 137.)  The claims bar date has lapsed and the Receiver is processing

18  approximately 300 claims.  Once completed, the Receiver expects to file an omnibus

19  motion to approve his recommended treatment of claims and authorize, at a

20  minimum, an interim distribution of funds to claimants with allowed claims.

21  Plaintiff Staniforth has submitted a timely claim.

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1100098.01/LA

-3-

3:14-cv-01889-GPC (JLB)

## II.   <u>CONCLUSION.</u>

For the foregoing reasons, and particularly given the continued pendency of the Receivership Case, the Receiver's continuing asset recovery efforts, and the pending claims process, the Receiver respectfully requests that this Court continue its stay of the above-captioned matter pending further updates from the Receiver, at least as to the Receivership Entities.  Plaintiff Staniforth has no objection.

Dated:  November 30, 2017                    ALLEN MATKINS LECK GAMBLE
                                                            MALLORY & NATSIS LLP
                                                         DAVID R. ZARO
                                                         JOSHUA A. DEL CASTILLO
                                                         MELISSA K. ZONNE

                                                         By:     /s/     Joshua A. del Castillo
                                                              JOSHUA A. DEL CASTILLO
                                                              Attorneys for Receiver
                                                              THOMAS A. SEAMAN

Dated:  November 30, 2017                    CROSS PLAINTIFF LAW FIRM
                                                         OLEG CROSS

                                                         By:     /s/     Oleg Cross
                                                              OLEG CROSS
                                                              Attorneys for Plaintiff
                                                              BRUCE J. STANIFORTH

## PROOF OF SERVICE

*Bruce J. Staniforth v. Total Wealth Management, Inc., et al.*
USDC, Southern District of California – Case No. 14-cv-1899 (GPC) (JLB)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 865 S. Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**JOINT STATUS REPORT OF RE: RECEIVERSHIP ACTION STYLED *SEC v. TOTAL WEALTH MANAGEMENT, INC.*, et al.,**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF.  On **November 30, 2017**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Vincent Brown**
  vince@vjblaw.com,vjblaw@gmail.com
- **Oleg Cross**
  oleg@cplitigation.com
- **Michael Lawrence Gallo**
  mgallo@sparerlaw.com,admin@sparerlaw.com
- **Alan W. Sparer**
  asparer@sparerlaw.com,admin@sparerlaw.com
- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com

2.    **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**:  On _____, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.

1        I declare that I am employed in the office of a member of the Bar of this Court

2 at whose direction the service was made.  I declare under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.  Executed

3 on **November 30, 2017** at Los Angeles, California.

4

5                                     Martha Diaz

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28