DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
MELISSA K. ZONNE (BAR NO. 301581)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        mzonne@allenmatkins.com

Attorneys for Receiver
THOMAS A. SEAMAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRUCE J. STANIFORTH,, | Case No. 3:14-cv-01899 GPC (JLB) |
|---|---|
| Plaintiff, | JOINT STATUS REPORT RE: RECEIVERSHIP ACTION STYLED SEC V. TOTAL WEALTH MANAGEMENT, INC., ET AL. |
| v. | |
| TOTAL WEALTH MANAGEMENT, INC.; et al., | Judge: Hon. Gonzalo P. Curiel |
| Defendants. | |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, in accordance with this Court's November 30, 2017 order directing the parties to file a status report regarding the status of the related Securities and Exchange enforcement and receivership action styled <u>SEC v. Total Wealth Management, Inc., et al.</u>, USDC, S.D. Cal. Case No. 15-cv-226 BAS (DHB) (the "Receivership Case"), Thomas A. Seaman (the "Receiver") and plaintiff Bruce J. Staniforth, hereby submit the following Joint Status Report:

## I. RELEVANT STATUS.

### A. Status Of Receivership Case And Litigation Stay.

The Receivership Case remains pending before the Honorable Cynthia Bashant, and the litigation stay imposed pursuant to Judge Bashant's February 12, 2015 "(1) Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders; and (2) Order Vacating Hearing on Preliminary Injunction" (the "Appointment Order"[1]) (Receivership Case Dkt. No. 8), remains in place. This Court applied the litigation stay to the of the above-entitled action on May 12, 2015, except as to non-receivership Defendants. (Dkt. No. 57.)

### B. Receiver's Asset Recovery Efforts.

As reflected in the Receiver's recently submitted Sixth Interim Report and Petition for Instructions (Receivership Case Dkt. No. 204), the Receiver is presently holding approximately $3.4 million for the benefit and administration of the Receivership Entities, but continues in his efforts to recover additional funds, largely via two separate litigation matters.

The first is an action against Private Placement Capital Notes II, LLC and its principal, Anthony Hartman (collectively, "PPCN"), seeking the return of more than $20 million in investor funds invested in PPCN, plus interest and other fees. The action is styled Seaman v. Private Placement Capital Notes II, LLC, et al., USDC, SD Cal. Case No. 16-cv-0578 BEN (DHB) (the "PPCN Action"). The PPCN Action is currently before a Ninth Circuit mediator, and a resolution is expected within the next sixty (60) days.

The second is a recently settled malpractice action styled Seaman v. Lively, et al., San Diego Superior Court Case No. 37-2016-00003644-CU-PN-CTL (the

---

[1] As reflected in prior submissions to this Court, the litigation stay imposed by the Appointment Order applies only to those entities placed into receivership, including Total Wealth Management, Inc. and its subsidiaries and affiliated, including but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities").

1 "Malpractice Action"), in which the Receiver alleged that certain pre-receivership
2 counsel caused, aided, or abetted the Receivership Entities' fraud, in the form of
3 failure to disclose the existence of revenue sharing agreements and attendant
4 conflicts of interest.  The Receiver has entered into a Court-approved, confidential
5 settlement with the defendants to the Malpractice Action, as well as with Defendant
6 Jacob Cooper (who was prosecuting a similar action) in connection with the
7 Malpractice Action.  In April 2018, the Receiver filed a Motion for Order Awarding
8 Settlement Funds seeking payment of the proceeds paid pursuant to the settlement
9 ("Motion for Settlement Funds", Receivership Case Dkt. No. 208-1).  Briefing on
10 the Motion for Settlement Funds is completed and there will not be a hearing.  The
11 Receiver is awaiting the Court's order.

12     **C.    The Claims Process.**

13     In November 2016, the Receiver developed and proposed summary claims
14 procedures whereby investors in and creditors of the Receivership Entities could
15 submit claims for repayment against the Receivership Entities.  (Receivership Case
16 Dkt. No. 124.)  On February 27, 2017, the Court approved the Receiver's proposed
17 claims procedures, and established a claims bar date of May 8, 2017.  (Receivership
18 Case Dkt. No. 137.)  The Receiver has completed his processing of approximately
19 300 claims, and has determined a proposed treatment of the claims, which has been
20 statistically validated.  He expects to file an omnibus motion for an order approving
21 his recommended treatment of claims within the next forty-five (45) days.  Plaintiff
22 Staniforth submitted a timely claim.

23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

## II. CONCLUSION.

For the foregoing reasons, and particularly given the continued pendency of the Receivership Case, the Receiver's continuing asset recovery efforts, and the pending claims process, the Receiver respectfully requests that this Court continue its stay of the above-captioned matter pending further updates from the Receiver, at least as to the Receivership Entities.  Plaintiff Staniforth has no objection.

Dated:  June 28, 2018

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
MELISSA K. ZONNE

By:     */s/     Joshua A. del Castillo*
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
THOMAS A. SEAMAN

Dated:  June 28, 2018

CROSS LAW APC
OLEG CROSS

By:     */s/     Oleg Cross*
OLEG CROSS
Attorneys for Plaintiff
BRUCE J. STANIFORTH