DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com

Attorneys for Receiver
THOMAS A. SEAMAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE J. STANIFORTH,, <br><br> Plaintiff, <br><br> v. <br><br> TOTAL WEALTH MANAGEMENT, INC.; et al., <br><br> Defendants. | Case No. 3:14-cv-01899 GPC (JLB) <br><br> JOINT STATUS REPORT RE: RECEIVERSHIP ACTION STYLED SEC v. TOTAL WEALTH MANAGEMENT, INC., ET AL. <br><br> Judge: Hon. Gonzalo P. Curiel |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, in accordance with this Court's November 30, 2017 order directing the parties to file a status report regarding the status of the related Securities and Exchange enforcement and receivership action styled <u>SEC v. Total Wealth Management, Inc., et al.</u>, USDC, S.D. Cal. Case No. 15-cv-226 BAS (MSB) (the "Receivership Case"), Thomas A. Seaman (the "Receiver") and plaintiff Bruce J. Staniforth, hereby submit the following Joint Status Report:

**I.    RELEVANT STATUS.**

    **A.    Status Of Receivership Case And Litigation Stay.**

The Receivership Case remains pending before the Honorable Cynthia Bashant, and the litigation stay imposed pursuant to Judge Bashant's February 12,

2015 "(1) Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders; and (2) Order Vacating Hearing on Preliminary Injunction" (the "Appointment Order"[1]) (Receivership Case ECF. No. 8), remains in place.  This Court applied the litigation stay to the of the above-entitled action on May 12, 2015, except as to non-receivership Defendants.  (ECF. No. 57.)

### B.   Receiver's Asset Recovery Efforts.

As of the submission of his Eighth Interim Report and Petition for Instructions (Receivership Case ECF No. 246), the Receiver held approximately $3,353,316, in cash, for the administration and benefit of the entities in receivership. His efforts to recover additional assets continue, most notably in the form of a tentative settlement of the action styled <u>Seaman v. Private Placement Capital Notes II, LLC, et al.</u>, USDC, S.D. Cal. Case No. 16-cv-0578 BEN (DHB) (the "PPCN Action") which, if approved in the Receivership Case and subsequently performed, is expected to result in the Receiver's recovery of at least another $1 million.  As of the date of this Joint Status Report, the proposed settlement of the PPCN Action has been submitted for Court approval in the Receivership Case (<u>see</u>, <u>e.g.</u>, Receivership Case ECF No. 256).

A settlement in the action styled <u>Seaman v. Lively, et al.</u>, San Diego Superior Court Case No. 37-2016-00003644-CU-PN-CTL (the "Negligence Action"), which was previously referenced as an anticipated source of receivership recoveries was approved in the Receivership Case (<u>see</u>, <u>e.g.</u>, Receivership Case ECF No. 183), with all funds paid from that settlement ultimately awarded to the Receiver (<u>see</u> Receivership Case ECF No. 229).

---

[1]  As reflected in prior submissions to this Court, the litigation stay imposed by the Appointment Order applies only to those entities placed into receivership, including Total Wealth Management, Inc. and its subsidiaries and affiliated, including but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities").

At present, and the settlement funds from the Negligence Action having been paid over to the Receiver, the Receiver's principal asset recover effort relates to the pending settlement of the PPCN Action.

### C. The Claims And Distribution Process.

In November 2016, the Receiver developed and proposed summary claims procedures whereby investors in and creditors of the Receivership Entities could submit claims for repayment against the Receivership Entities. (Receivership Case ECF. No. 124.) On February 27, 2017, the Court approved the Receiver's proposed claims procedures, and established a claims bar date of May 8, 2017. (Receivership Case ECF No. 137.) The Receiver thereafter completed his processing of approximately 300 claims, and developed his proposed treatment of the claims, which was statistically validated. Plaintiff Staniforth submitted a timely claim.

In August 2018, the Receiver sought Court approval of his proposed treatment of claims, which approval issued in the form of an Order: (1) Overruling Objection, (2)Establishing Allowed Claims, and (3) Approving Omnibus and Specific Claims Objections (the "Claims Order"), issued in the Receivership Case in September 2018. (See, e.g., Receivership Case ECF No. 230, 239, 240.) Since the issuance of the Claims Order, the Receiver has sought and secured Court approval for his proposed omnibus distribution plan, and completed a distribution in the aggregate amount of approximately $2.8 million on allowed claims, including Plaintiff Staniforth's claim. (See, e.g., Receivership Case ECF Nos. 245, 248, 253.) Should the proposed settlement in the PPCN Action be approved and performed, the Receiver may recover additional funds from which to make a second and final distribution on allowed, priority claims.

## II. CONCLUSION.

For the foregoing reasons, and particularly given the continued pendency of the Receivership Case, the Receiver's continuing asset recovery efforts, and the potential for a future distribution, the Receiver respectfully requests that this Court

1  continue its stay of the above-captioned matter pending further updates from the
2  Receiver, at least as to the Receivership Entities.  Plaintiff Staniforth has no
3  objection.

5  Dated:  September 17, 2019          ALLEN MATKINS LECK GAMBLE
                                          MALLORY & NATSIS LLP
6                                       DAVID R. ZARO
                                        JOSHUA A. DEL CASTILLO

8                                       By:    */s/*    *Joshua A. del Castillo*
                                           JOSHUA A. DEL CASTILLO
9                                          Attorneys for Receiver
                                           THOMAS A. SEAMAN

11 Dated:  September 17, 2019          CROSS LAW APC
                                        OLEG CROSS

13                                      By:    */s/*    *Oleg Cross*
                                           OLEG CROSS
14                                         Attorneys for Plaintiff
                                           BRUCE J. STANIFORTH

# PROOF OF SERVICE

*Bruce J. Staniforth v. Total Wealth Management, Inc., et al.*
USDC, Southern District of California – Case No. 14-cv-1899 (GPC) (JLB)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 865 S. Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**JOINT STATUS REPORT OF RE: RECEIVERSHIP ACTION STYLED *SEC v. TOTAL WEALTH MANAGEMENT, INC.*, et al.,**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **September 17, 2019**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Vincent Brown**
  vince@vjblaw.com,vjblaw@gmail.com
- **Oleg Cross**
  oleg@cplitigation.com
- **Michael Lawrence Gallo**
  mgallo@sparerlaw.com,admin@sparerlaw.com
- **Alan W. Sparer**
  asparer@sparerlaw.com,admin@sparerlaw.com
- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **September 17, 2019** at Los Angeles, California.

_____
Martha Diaz

1009020.04/LA

- 1 -