DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
         jdelcastillo@allenmatkins.com

Attorneys for Former Receiver
THOMAS A. SEAMAN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| BRUCE J. STANIFORTH,, | Case No. 3:14-cv-01899 GPC (JLB) |
|---|---|
| Plaintiff, | Judge Hon. Gonzalo P. Curiel |
| v. | JOINT STATUS REPORT OF FORMER RECEIVER, THOMAS A. SEAMAN, AND PLAINTIFF BRUCE J. STANIFORTH, RE: RECEIVERSHIP ACTION STYLED SEC v. TOTAL WEALTH MANAGEMENT, INC., ET AL. |
| TOTAL WEALTH MANAGEMENT, INC.; et al., | |
| Defendants. | |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, in accordance with this Court's November 2, 2021 Order for the parties to file a Status Report regarding the status of the above-entitled action as it relates to the Securities and Exchange Commission enforcement and receivership action styled SEC v. Total Wealth Management, Inc., et al., USDC, S.D. Cal. Case No. 15-cv-226 BAS (MSB) (the "Receivership Case"), Thomas A. Seaman (the "Former Receiver") and Plaintiff Bruce J. Staniforth ("Plaintiff") hereby submit the following Status Report:

## I.     RELEVANT STATUS.

### A.     Status Of Receivership Case And Litigation Stay.

The Former Receiver was discharged in the Receivership Case on April 21, 2020 (see Receivership Case ECF No. 263), although the Receivership Case itself was not terminated, but instead stayed to permit the Former Receiver to make distributions of any settlement proceeds thereafter paid to him in connection with the then settled asset recovery matter styled Seaman v. Private Placement Capital Notes II, LLC, et al., USDC, S.D. Cal. Case No. 16-cv-0578 BEN (DHB) (the "PPCN Action").  As detailed below, the settling Defendants in the PPCN Action (the "PPCN Parties") were granted twenty-four (24) months from the August 9, 2019 – to August 9, 2021 – to perform.  (See Receivership Case ECF No. 258.)  The PPCN Parties have failed to satisfy their payment obligations under the terms of the relevant settlement agreement and the Former Receiver is now authorized to so advise the Court and enter a stipulated default judgment against the PPCN Parties in the amount of $5 million.

It is unclear at this point whether the Former Receiver will recover any funds for distribution in connection with the anticipated entry of the $5 million judgment against the PPCN Parties.  What appears clear is that, the Former Receiver having been discharged and released in the Receivership Case, there is no longer any receivership res against which the previously imposed litigation stay would apply, other than any funds recovered in connection with the settlement in the PPCN Action, the distribution of which will be governed by an existing order issued in the Receivership Case.  Accordingly, the Receiver believes that the litigation stay imposed in the Receivership Case pursuant to Judge Bashant's February 12, 2015 "(1) Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders; and (2) Order Vacating Hearing on Preliminary Injunction" (the

"Appointment Order"[1]) (Receivership Case ECF. No. 8) no longer remains in effect, and does not present a bar to the continued prosecution of the above-entitled action, should Plaintiff wish to proceed with his claims.  Plaintiff has indicated that he intends to continue to prosecute this action.

### B.   Former Receiver's Asset Recovery And Distribution Efforts.

By February 2019, the Former Receiver's efforts to recover assets for distribution to defrauded investors in the Receivership Entities had largely come to a close, with the exception of his expectation that the PPCN Parties would perform as required by the settlement of the PPCN Action.  Accordingly, and with approximately $2.8 million on-hand available for distribution to all holders of allowed claims, on February 11, 2019, the Former Receiver filed his Motion for Order Authorizing an Approving Omnibus Plan for Distribution on Allowed Claims (Receivership Case ECF Nos. 245, *et seq*.), in connection with which the Receiver submitted his recommendations to the Court as to which claims against the Receivership Entities should be allowed, and in what amounts, and proposed a *pro rata* distribution plan on allowed claims, with distributions to be paid from funds then recovered by the Former Receiver, with a potential later distribution to be made from any additional settlement payments received from the PPCN Parties.  (*Id.*) Plaintiff's claim was recommended for allowance in the amount of $632,783.85, with an initial, *pro rata*, proposed distribution amount of $37,674.68.  (Id. at Ex. A.) The Former Receiver's Motion was granted on April 8, 2019.  (See Receivership Case ECF No. 253.)  Thereafter, the distributions authorized in connection with the Court's Order on the Motion were made.

---

[1]   As reflected in prior submissions to this Court, the litigation stay imposed by the Appointment Order applied only to those entities placed into receivership, including Total Wealth Management, Inc. and its subsidiaries and affiliated, including but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities").

1    The Former Receiver's records therefore indicate that Plaintiff received only

2  partial reimbursement on his claims against the Receivership Entities.  The Former

3  Receiver takes no position on whether Plaintiff should be permitted to continue

4  prosecuting the above-entitled action to recover on any remaining portion of his

5  claims that were not able to be satisfied by the distributions made by the Former

6  Receiver, save to reiterate his understanding that the litigation stay no longer bars

7  the prosecution of this action against the Receivership Entities.

8  **II.**    **CONCLUSION.**

9    For the foregoing reasons, the Receiver respectfully submits that it is his

10  belief that the litigation stay imposed pursuant to the Appointment Order no longer

11  bars the prosecution of this action against the Receivership Entities.  As such, the

12  Former Receiver does not anticipate making any further appearances, either on his

13  behalf or on behalf of the Receivership Entities, in the above-entitled action.

14

15  Dated:  November 10, 2021      ALLEN MATKINS LECK GAMBLE

16                            MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO

17

18                            By:    */s/*   *Joshua A. del Castillo*

19                              JOSHUA A. DEL CASTILLO
Attorneys for Former Receiver
THOMAS A. SEAMAN

20

21  Dated:  November 10, 2021      CROSS LAW APC
OLEG CROSS

22

23                            By:    */s/*   *Oleg Cross*

24                              OLEG CROSS
Attorneys for Plaintiff
BRUCE J. STANIFORTH

25

26

27

28

# **PROOF OF SERVICE**

*Bruce J. Staniforth v. Total Wealth Management, Inc., et al.*
USDC, Southern District of California – Case No. 14-cv-01899 (GPC) (JLB)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 865 S. Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

On **November 10, 2021**, I caused to be served on the parties to this action addressed as stated on the attached service list or as indicated below, the document entitled:  **JOINT STATUS REPORT OF FORMER RECEIVER, THOMAS A. SEAMAN, AND PLAINTIFF BRUCE J. STANIFORTH, RE: RECEIVERSHIP ACTION STYLED *SEC v. TOTAL WEALTH MANAGEMENT, INC.*, et al.,**

☒  **E-FILING**: By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on **November 10, 2021** at Los Angeles, California.

*/s/ Martha Diaz*
Martha Diaz

4834-9825-2003.5

- 1 -