1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   BRUCE J. STANIFORTH, an individual          Case No.:  14-cv-01899-GPC-JLB
     and as beneficiary of the Bruce J.
12   Staniforth IRA,                             **ORDER GRANTING IN PART AND
                                                 DENYING IN PART PLAINTIFF'S
13                              Plaintiff,        MOTION TO STRIKE ANSWERS
                                                 AND ENTER DEFAULTS**
14   v.

15   TOTAL WEALTH MANAGEMENT,
     INC., et al.,
16

17                            Defendants.

18

19

20
         On January 13, 2022, Plaintiff Bruce J. Staniforth ("Plaintiff") filed a Motion to
21
     Strike Defendant's Answers and Enter Default. ECF No. 66. The Court set a briefing
22
     schedule allowing for responses and a reply. ECF No. 67. On February 1, 2022,
23
     Defendant Douglas David Shoemaker ("Douglas Shoemaker" or "Defendant
24
     Shoemaker") filed a response in opposition. ECF No. 70. No other defendants have
25
     responded to the pending Motion. Having considered the papers and the parties'
26

27
                                         1
28
                                                              14-cv-01899-GPC-JLB

arguments, the Court finds this matter suitable for disposition without a hearing and therefore VACATES the hearing previously set for <u>February 25, 2022</u>.

## I.    BACKGROUND

This case has been pending for many years, beginning with a Complaint filed on August 13, 2014. The Complaint alleges, in short, that Defendants Total Wealth Management, Inc., Altus Capital Management, LLC, Altus Capital Opportunity Fund, LP, Capita Advisors, Inc., Financial Council, Inc., Pinnacle Wealth Group, Inc., and individual defendants Jacob K. Cooper, Nathan McNamee, and Douglas Shoemaker, defrauded Plaintiff of over $900,000 through an investment advisory relationship in violation of securities and investment management laws. ECF No. 1. Defendants Altus Capital Management LLC, Altus Capital Opportunity Fund LP, Jacob K. Cooper, and Total Wealth Management Inc. answered on November 25, 2014. ECF No. 24. Douglas Shoemaker, appearing *pro se*, answered on February 5, 2015. This action was then stayed on May 12, 2015 following the appointment of a receiver in the related action styled *SEC v. Total Wealth Management, Inc., et al.*, Cas No. 15-cv-226-BAS-DHB ("the Receivership Case"). ECF No. 43. During the stay, the Court ordered the parties to provide joint status reports to update the Court. ECF Nos. 47, 49, 51, 53, 54, 56, 57. The most recent joint status report as to that related action, submitted by the former Receiver Thomas A. Seaman ("former receiver") and Plaintiff, informed this Court that the former receiver was discharged and released in the Receivership Case, therefore leaving no receivership *res* against which the stay in the instant matter would apply. ECF No. 58. This Court then lifted the stay in the instant matter and referred the matter to Magistrate Judge Jill Burkhardt to determine further proceedings. ECF No. 59. On December 13, 2021, Plaintiff requested entry of default against Defendants Nathan McNamee and Capita Advisors, Inc. for a failure to plead or otherwise defend in the action. ECF No. 61. The Clerk duly entered default as to Capita Advisors, Inc. and Nathan McNamee on

1   December 14, 2021. ECF No. 64. Magistrate Judge Burkhardt held a telephonic Case

2   Management Conference on January 21, 2022, at which only counsel for Plaintiff

3   appeared. ECF No. 68. In light of the fact that none of the defendants or their counsel

4   made appearances at this conference, the Magistrate Judge declined to issue a scheduling

5   order. *Id.*

6       Plaintiff now moves to strike Defendants' answers and enter defaults against them,

7   arguing that individual Defendants Jacob Cooper ("Cooper" or "Defendant Cooper") and

8   Douglas Shoemaker have made no effort to defend themselves. ECF No. 66-1 at 2.

9   Plaintiff further argues that corporate defendants Total Wealth Management, Inc., Altus

10  Capital Management LLC, and Altus Capital Opportunity Fund LP (the "corporate

11  Defendants") have not retained counsel to represent them, and thus their answers should

12  be stricken and defaults entered against them as well. *Id.* Only Defendant Shoemaker

13  responded, arguing that he was not aware that the stay had been lifted and that, contrary

14  to Plaintiff's assertion, he did not persistently fail to defend himself. ECF No. 70 at 2.

15  Neither the corporate Defendants nor Defendant Cooper filed a response.

16  **II.   DISCUSSION**

17      Obtaining a default judgment is a two-step procedure. Federal Rule of Civil

18  Procedure ("Rule") 55 provides that "when a party against whom a judgment for

19  affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must

20  enter the party's default." Fed. R. Civ. P. 55(a). After the default is properly entered by

21  the clerk, a party seeking relief other than for a sum certain must apply to the trial court

22  for a default judgment. Fed. R. Civ. P. 55(b).

23      Where a defendant has filed an answer, as here, the Court cannot enter a default

24  unless the Answer is first stricken. *Osgood v. Main Streat Marketing, LLC*, No.

25  16cv2415-GPC (BGS), 2017 WL 3194460, at *2 (S.D. Cal. Jul. 27, 2017). A defendant's

26  answer may be stricken when the defendant persistently fails to participate in the action.

27

28

3

1   *Microsoft Corp. v. Marturano*, No. 1:06cv1747 OWW GSA, 2009 WL 1530040, at *6

2   (E.D. Cal. May 27, 2009) (granting default against defendant because defendant failed to

3   keep court apprised of his address for five months, did not participate in the discovery

4   process, did not provide initial disclosures, and failed to attend a deposition and

5   settlement conference as ordered by the court). In addition, "when a corporation fails to

6   retain counsel to represent it in an action, its answer may be stricken and a default

7   judgment entered against it." *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993 (9th

8   Cir. 2007); *see also* Civil Local Rule 83.3(j) (stating that corporations may appear in

9   court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3).

10   Default is a permissible sanction for failure to comply with local rules requiring

11   representation by counsel. *Emp. Painters' Tr.*, 480 F.3d at 998 (citing *United States v.*

12   *High Country Broad. Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993)).

13       First, the Court turns to whether the corporate Defendants Total Wealth

14   Management, Altus Capital Management, and Altus Capital Opportunity Fund should

15   have their answer stricken and default entered against them for their failure to retain

16   counsel. All three corporate Defendants were previously represented by attorneys Alan

17   Sparer and Michael Gallo from the Sparer Law Group. However, as part of a motion filed

18   in 2015 to substitute new counsel for Sparer Law Group's former client Defendant

19   Cooper, Sparer Law Group noted that following the appointment of the receiver in the

20   Receivership Case, "[c]ounsel for the receiver has taken over representation of those

21   entities [i.e. the corporate Defendants], and has taken the position that Sparer Law Group

22   no longer represents those entities and no substitution of attorneys need be filed with

23   respect to those entities." ECF No. 40 at 2, fn. 1. Sparer Law Group thus acknowledged

24   that they no longer represented the corporate Defendants. Neither Sparer Law Group nor

25   any other counsel for the corporate Defendants has appeared since then before this Court.

26   Since the receivership has been discharged, counsel for the receiver does not represent

27

28                                                                    14-cv-01899-GPC-JLB

1    these Defendants either. Therefore, the Court concludes that the Defendants are currently

2    unrepresented by counsel. Furthermore, these Defendants have failed to participate in this

3    litigation beyond the initial filing of their answer, including by failing to appear at the

4    telephonic Case Management Conference set before Magistrate Judge Burkhardt on

5    January 21, 2022. The Court concludes that it is appropriate to strike the Answer filed by

6    Defendants Total Wealth Management, Inc., Altus Capital Management LP, and Altus

7    Capital Opportunity Fund LP. ECF No. 24. The Court thus ORDERS that this Answer be

8    stricken and GRANTS Plaintiff's motion to enter default.

9         Turning next to individual Defendant Jacob Cooper, the Court notes that Cooper

10   filed a joint answer with Altus Capital Management LLC, Altus Capital Opportunity

11   Fund LP, and Total Wealth Management Inc. in November of 2014. *Id.* He also

12   substituted counsel in 2015, replacing Sparer Law Group with attorney Vincent J. Brown.

13   ECF Nos. 40, 42. As Plaintiff points out, Cooper's counsel is currently listed as inactive

14   on the State Bar of California's website, and Cooper has made no other attempts to

15   appear before this Court or the Magistrate Judge since 2015, including his failure to

16   appear at the Case Management Conference before Magistrate Judge Burkhardt. Cooper

17   did not file a response to the instant motion for default. Given the length of time without

18   any activity from Cooper in this case, the Court concludes that Cooper has continually

19   failed to defend this action, and it does not appear that he will do so in future. The Court

20   therefore GRANTS Plaintiff's motion to strike Cooper's answer and enter default.

21        Finally, the Court considers whether Defendant Shoemaker has consistently failed

22   to defend himself such that his answer should be stricken and default entered.

23   Shoemaker, proceeding *pro se*, filed an answer to the Complaint on February 15, 2015.

24   ECF No. 234. He also failed to appear before Magistrate Judge Burkhardt at the Case

25   Management Conference on January 21, 2022. ECF No. 68. However, Shoemaker is the

26   only defendant who responded to Plaintiff's motion. ECF No. 70. In his response,

27

28

1    Shoemaker contests the characterization that he has failed to defend himself, and explains

2    that he was unaware that the stay was lifted. *Id.* at 2. He also argues that Plaintiff

3    provided only 24 hours of notice between Plaintiff's counsel's attempt to contact him and

4    the filing of the instant motion. *Id.* The Court construes Shoemaker's *pro se* filing

5    liberally. *United States v. Qazi,* 975 F.3d 989, 993 (9th Cir. 2020). Because Shoemaker

6    has evinced his intent to participate in, and defend himself from, this case by filing a

7    response to Plaintiff's motion for default, the Court concludes that at this time, striking

8    Shoemaker's answer and entering default for a failure to defend would be unwarranted.

9    The Court HEREBY DENIES Plaintiff's motion to strike and enter default as to

10   Defendant Douglas Shoemaker.

11   **III.    CONCLUSION**

12       In sum, the Court GRANTS the Motion to strike the answer of Defendants Total

13   Wealth Management Inc., Altus Capital Management LLC, Altus Capital Opportunity

14   Fund LP, and individual Defendant Jacob K. Cooper. The Clerk of Court is directed to

15   enter default as to these Defendants. The Court HEREBY DENIES the motion to strike

16   and enter default as to individual Defendant Douglas Shoemaker. The case is again

17   referred to Magistrate Judge Burkhardt for a case management conference to be held as to

18   Plaintiff and Defendant Shoemaker.

19       **IT IS SO ORDERED.**

20   Dated:  February 17, 2022

21                                                    Hon. Gonzalo P. Curiel

22                                                    United States District Judge

23

24

25

26

27

6

28